

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-19-2003

# Knox v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket 02-3208

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Knox v. Comm Social Security" (2003). *2003 Decisions.* Paper 732.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/732

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 02-3208

———

KAREN MARIE KNOX,

Appellant

v.

JO ANNE B. BARNHART,
Commissioner of Social Security

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 01-cv-03467)
District Judge:  Hon. Ronald L. Buckwalter

———

Submitted Under Third Circuit LAR 34.1(a)
March 10, 2003

Before:  SLOVITER, NYGAARD, and ALARCÓN*, Circuit Judges

(Filed:   March 19, 2003)

———

OPINION OF THE COURT

———

*      Hon. Arthur L. Alarcón, Senior Judge, United States Court of Appeals for the Ninth
Circuit, sitting by designation.

SLOVITER, Circuit Judge.

Appellant Karen Marie Knox appeals from the decision of the District Court granting summary judgment to the Commissioner of Social Security who denied Knox's claim for supplemental security income (SSI) under the Social Security Act. We will remand for further proceedings.

## I.

### Facts and Procedural History

As the parties are familiar with the facts and the procedural history, we will refer only to those necessary for our decision.

### A.

Knox filed a claim for supplemental security income on September 30, 1997, alleging disability beginning May 1, 1997, due to depression, an anxiety disorder, panic attacks and agoraphobia. Her application was denied initially and again on reconsideration. Knox appealed the denial, and the administrative law judge (ALJ) held hearings on June 9, 1999 and September 24, 1999, and found that Knox was not entitled to benefits.

### B.

Knox was born on November 13, 1957 and has a tenth grade education level. Her employment record includes work as a cashier at a Rite-Aid pharmacy four days a week for several months during 1997 and 1998, as well as work as a housekeeper, babysitter, and in hairdressing. She lives with her ex-husband and children, does some light household chores, including cooking and cleaning, and goes out in public. Her medical records begin

with an involuntary mental health commitment on November 6, 1992, based on allegations of homicidal and suicidal conduct. Since this first admittance, Knox has been hospitalized on numerous occasions. She has been hospitalized following a suicide attempt and for intoxication, and she has gone to the Emergency Room when she had feelings of anxiety. She has also been admitted into both inpatient and outpatient mental health treatment centers for anxiety, depression, and panic attacks, and has attended detoxification centers. She has a twenty-year history of alcohol abuse.

Knox has been diagnosed with depression, panic disorder, acute alcoholic hepatitis, major depression, anxiety, and a history of alcohol and drug abuse. In fact, physicians at the numerous centers at which Knox has received treatment have noted incidents of substance abuse, with numerous physicians prescribing a detoxification program. Treatment notes from her participation in the Milestones Community Healthcare Drug and Alcohol Program partial hospitalization program indicate that Knox frequently failed to attend meetings of Alcoholism Anonymous and had problems with her attendance in the partial program. Dr. Giannasio, her treating physician, diagnosed her with major depression, psychosis, and continuous alcohol dependence.

Dr. Giannasio completed interrogatories in which he answered that Knox's psychoses would not change even without the influence of drugs and alcohol. At the hearing before the ALJ, a non-treating medical expert, Dr. Cohen, testified that Knox's primary problem was a substance addiction disorder, but he was unable to say if there was "an affective disorder going on." Transcript at 405. He also stated that while alcoholism

and drug abuse can cause depression, persons suffering from depression and other disorders may self-medicate with alcohol.  Transcript at 407-08.

The ALJ issued an opinion on January 24, 2000, finding that although Knox suffers from a severe impairment, she is not disabled because substance abuse is a factor material to the determination of her disability.  This decision was adopted as the final decision of the Commissioner.  Knox filed suit seeking judicial review of the final decision of the Commissioner under 42 U.S.C. § 405(g).  The District Court granted the Commissioner's motion for summary judgment for the closed period at issue, from September 30, 1997 through July 10, 2001.  Knox had filed a new claim for SSI on July 11, 2001, for which Knox has been determined to be qualified.  Knox appeals from the order granting summary judgment for the Commissioner for the earlier period.  We have jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

## Discussion

To prove disability under the Social Security Act, Knox must demonstrate that there is a "medically determinable basis for an impairment" that prevents her from engaging in "substantial gainful activity."  Stunkard v. Sec. of Health and Human Servs., 841 F.2d 57, 59 (3d Cir.  1988); see also 20 C.F.R. § 404.1505(a) (providing basic definition of disability under SSA).  A claimant is not considered disabled "if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled."  42 U.S.C. § 423(d)(2)(C) (Supp. 2002).

4

Our review of the Commissioner's final decision is limited to determining whether it is supported by substantial evidence. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). Substantial evidence "'does not mean a large or significant amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). The Commissioner does not contest Knox's challenge that the ALJ's decision was not supported by substantial evidence in the record. Rather, the Commissioner requests remand to the ALJ because of conflicting evidence in the record and to more fully develop the record.

Knox argues that instead of remanding we should reverse the ALJ's denial of her SSI application. However, the record does not contain substantial evidence to support a finding that Knox suffers from a disability independent of her substance abuse. The most significant evidence Knox produced, the testimony of her treating physician, Dr. Giannasio, does not provide a sufficient evidentiary basis to support such a determination. Although the ALJ should give great weight to the opinions of a treating physician, if the opinion of the treating physician and the non-treating physician conflict, the ALJ may "choose whom to credit but 'cannot reject evidence for no reason or for the wrong reason.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (citation omitted). The ALJ may even choose to reject the treating physician's opinion on the basis of contradictory medical evidence. Id.

The ALJ rejected Dr. Giannasio's testimony based on the testimony of Dr. Cohen, a non-treating medical expert, and on other evidence in the record. First, the ALJ found that

5

the questions asked of Dr. Giannasio were leading. Second, Dr. Giannasio failed to provide support for his conclusions. Third, the responses he gave were inconsistent with his own contemporaneous findings. Finally, Dr. Giannasio's opinions were based on a lack of full disclosure by Knox about her history of drug and alcohol abuse.

Furthermore, the record is not fully developed. Presently, the only expert evidence that the ALJ cited in support of the conclusion that there would be no psychiatric impairment of any kind "but for" active substance abuse, is that of the non-examining medical expert, Dr. Cohen. The Commissioner notes that Dr. Cohen offered conflicting testimony about whether Knox would suffer from these impairments if she stopped abusing drugs and alcohol. At one point in the hearing, Dr. Cohen testified that substance addiction was Knox's sole impairment. Transcript at 405, 407. Later, however, he stated that he did not know and "can't even say" if Knox suffered from depression independent of her drug and alcohol dependence. Transcript at 405, 407-08.

This case is unlike our decision in Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984), where we reversed an adverse disability determination without requiring additional hearings because there had already been two proceedings before the ALJ and we concluded that "it would be virtually impossible to adduce new. . .evidence that would be necessary to support a finding that [the appellant] is not disabled." 745 F.2d at 223. In the present case, as the Commissioner agrees, additional expert testimony, as well as other supplemental evidence, is necessary to develop a record upon which Knox's disability application can be analyzed. Allowing further evidence to be adduced will enable the ALJ,

6

the designated fact-finder, to make a finding whether Knox's impairment was induced by substance abuse.

Knox asserts that an accurate assessment of her condition can only be made by an examining or treating physician, and that additional testimony from a non-treating medical expert will be unclear and uncertain. Admittedly, Dr. Cohen stated he could do little more than "guess" as to the effects of Knox's substance abuse upon her potential underlying mental impairments. Transcript at 368. Nonetheless, remand is still appropriate.

The regulations provide that if the Commissioner finds the evidence provided by the claimant to be inadequate in determining whether the claimant is disabled, the Commissioner can take a variety of steps to augment the medical evidence, 20 C.F.R. § 416.912(e), including affirmatively seeking clarification from the treating physician, 20 C.F.R. § 416.912(e)(1), and/or calling another expert, 20 C.F.R. § 416.927(f)(2)(iii). A remand will provide the ALJ and the Commissioner with the opportunity to seek further clarification and to allay some of the concerns with Dr. Giannasio's prior testimony.

Although Knox has already received a favorable decision for the period beyond that at issue here, from September 30, 1997 through July 10, 2001, that does not signify that Knox was disabled for the earlier period. Only a new determination based on substantial evidence in a supplemented record can so determine.

## III.

### Conclusion

For the reasons set forth, we will vacate the District Court's order granting summary

judgment for the Commissioner and will remand to the District Court with directions to

remand to the Commissioner for further proceedings.

_____

TO THE CLERK:

Please file the foregoing opinion


  /s/ Dolores K. Sloviter
          Circuit Judge